**UNION CARBIDE CORPORATION,**
Appellee,

v.

**MICROTRON CORPORATION,**
Appellant.

No. 10830.

United States Court of Appeals
Fourth Circuit.

Argued Feb. 7, 1967.

Decided March 2, 1967.

Paul B. Bell, Charlotte, N. C. (Joseph H. Heard and Frank H. Kennedy, Parrott, Bell, Seltzer, Park & Heard, and Kennedy, Covington, Lobdell & Hickman, Charlotte, N. C., on brief), for appellant.

William K. Kerr, New York City (Henry J. Zafian and John O. Tramontine, Fish, Richardson & Neave, New York City, and Helms, Mulliss, McMillan & Johnston, Charlotte, N. C., on brief), for appellee.

Before SOBELOFF, BOREMAN and WINTER, Circuit Judges.

PER CURIAM:

In a suit for alleged infringement of Patent No. 2,784,132 brought by Union Carbide Corporation ("Union") against Microtron Corporation ("Microtron"), Microtron sought summary judgment on the ground that within six months of the date on which application for the patent was filed in the United States Patent Office an application was also filed in Canada[1] without a license required by 35 U.S.C.A. § 184.[2]  It was its claim that

1. Application for Patent No. 2,784,132 was filed May 11, 1953.  The Canadian application was filed on October 10, 1953.  The invention was insulating batt, consisting of a plurality of non-absorbent non-matting fibers held in three-dimensional, random, arrangement by flexible adhesive.  The batt is claimed to be suitable for use as an interliner for clothing, as an air or gas filter, and as a packing material for delicate objects.

2. The pertinent portions of the statute are:

"§ 184.  Filing of application in foreign country

"Except when authorized by a license obtained from the Commissioner a person shall not file or cause or authorize to be filed in any foreign country prior to six months after filing in the United States an application for patent or for the registration of a utility model, in-

the patent was thereby rendered invalid under the provisions of 35 U.S.C.A. § 185.[3] It is undisputed that after suit was filed, Union, on February 28, 1966, obtained a § 184 license, which, by its terms, was "retroactive to October 7, 1953 with respect to Canada."

The district judge denied summary judgment. He held that the retroactive grant of the license to file in Canada cured the putative invalidity of the patent because of the foreign filing without a license prior to the end of six months after the United States filing. Union Carbide Corporation v. Microtron Corporation, 254 F.Supp. 299 (W.D.N.C. 1966). Because there was then a conflict between the decision and Minnesota Mining & Manufacturing Co. v. Norton Co., 240 F.Supp. 150 (N.D.Ohio 1965), he made the necessary certifications, and we granted an interlocutory appeal pursuant to 28 U.S.C.A. § 1292.

The decision in the Northern District of Ohio was reversed in Minnesota Mining and Manufacturing Co. v. Norton Co., 366 F.2d 238 (6 Cir. 1966), which held that a patent for scouring pads was not invalid because the license for foreign filings, by its terms retroactive to the dates of foreign filings, was not obtained until after the United States patent was obtained. On the authority of the *Minnesota Mining* case (366 F.2d 238), and for the reasons advanced by the district judge from whom the instant appeal is taken, we conclude that Patent No. 2,784,132 is not invalid, and we affirm the denial of summary judgment. There is before us, in this appeal, no question of the rights of the parties in regard to alleged infringement prior to the date of the issuance of the license for foreign filing, and we express no opinion with respect thereto.

Affirmed.

---

dustrial design, or model in respect of an invention made in this country. * * * The license may be granted retroactively where an application has been inadvertently filed abroad and the application does not disclose an invention within the scope of section 181 of this title. * * * "

§ 181 declares, *inter alia*, that whenever the publication or disclosure of an invention might be detrimental to national security, the Commissioner of Patents, with the concurrence of the head of any defense agency, may, on a yearly basis, order the invention to be kept secret and withhold granting a patent.

3. This section reads:
"§ 185. Patent barred for filing without license.

"Notwithstanding any other provisions of law any person, and his successors, assigns, or legal representatives, shall not receive a United States patent for an invention if that person, or his successors, assigns, or legal representatives shall, without procuring the license prescribed in section 184 of this title, have made, or consented to or assisted another's making, application in a foreign country for a patent or for the registration of a utility model, industrial design, or model in respect of the invention. A United States patent issued to such person, his successors, assigns, or legal representatives shall be invalid."